

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| SHONTERA BOYD, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:20-4385-MGL |
| | § | |
| NEPHRON PHARMACEUTICALS | § | |
| CORPORATION, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO ALTER OR AMEND**

**I.   INTRODUCTION**

This is a job discrimination action. Plaintiff Shontera Boyd (Boyd) filed the lawsuit in the Lexington County Court of Common Pleas against her former employer, Defendant Nephron Pharmaceuticals Corporation (Nephron). Boyd alleged claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.; 42 U.S.C. § 1981; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*.; and the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. §§ 41-10-10 *et seq*. Nephron subsequently removed the case to this Court.

Pending before the Court is Nephron's Fed. R. Civ. P. 59(e) motion to alter or amend the portion of the Court's Order declining to exercise supplemental jurisdiction over Boyd's SCPWA claim. Having carefully considered the motion, the response, the record, and the relevant law, the Court will deny the motion.

## II.     PROCEDURAL HISTORY

When Nephron removed the case to this Court, the Court had federal question jurisdiction over Boyd's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over her SCPWA state law claim pursuant to 28 U.S.C. § 1367.  Post removal, Nephron filed a motion for summary judgment.

The Court granted summary judgment on all of Boyd's federal claims, but declined to exercise supplemental jurisdiction over the remaining state claim.  It thus remanded Boyd's SCPWA cause of action to the Lexington County Court of Common Pleas for adjudication there.

Thereafter, Nephron filed a motion to alter or amend and Boyd filed a response in opposition. The Court, now having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

## III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 allows a party to move to alter or amend a judgment within twenty-eight days.  Fed. R. Civ. P. 59(e).  The Court may grant a motion for reconsideration only in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998).

A Rule 59 motion tests whether the Court's initial Order was "factually supported and legally justified."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993).  The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." *Id*. at 1082.

In short, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co*., 148 F.3d at 403.

**IV.    DISCUSSION AND ANALYSIS**

Although Nephron fails to directly say so, it appears its motion is filed, as it sees it, "to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co.*, 148 F.3d at 403. Clear error is present when the Court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008). And, as another district court put it, with which the Court agrees, manifest injustice occurs when "an error committed by the trial court . . . is direct, obvious, and observable." *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp.3d 349, 354 (E.D.N.Y. 2013) (citation omitted) (internal quotation marks omitted).

As the Court noted above, Nephron's motion to alter or amend concerns the Court's declining to exercise supplemental jurisdiction over Boyd's SCPWA claim.

> **A.    *Whether judicial economy and convenience and fairness to the parties warrants the Court's exercise of supplemental jurisdiction over Boyd's SCPWA claim***

Nephron argue*s* judicial economy and convenience and fairness to the parties warrant the Court's exercise of supplemental jurisdiction over Boyd's SCPWA claim. Boyd disagrees.

As per 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Court can decline to exercise supplemental jurisdiction over a plaintiff's state law claims, however, once it "has dismissed all claims over which it has original jurisdiction." *Id*. And, the Court has "wide discretion" to do so. *Yashenko v. Harrah's NC Casino Co*., 446 F.3d 541, 553 n.4 (4th Cir. 2006). "There are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

"Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*.

The Supreme Court has long held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted).

The Supreme Court, however, later made clear this statement fails to establish a mandatory rule to be applied, without any flexibility, in all cases. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.")

> **1.    *Whether judicial economy warrants the Court's exercise of supplemental jurisdiction over Boyd's SCPWA claim***

As to the judicial economy consideration, Nephron maintains "this case has been litigated in this Court for more than a year and a half, the parties have completed all discovery, and they have filed and fully briefed the instant dispositive motions. Upon remand, both parties will now be required to make brand new motions for summary judgment[.]" Motion at 3.

To this, Boyd responds that "[j]udicial economy supports remand. Discovery is complete such that, considering the Courts' respective caseloads, the Lexington County Court of Common

Pleas can bring this matter to a just conclusion at least as economically as this Court, without unnecessarily tying up this Court's resources." Boyd's Response at 3.

Discovery and briefing on Boyd's state issue are complete. Only minor changes to the parties's summary judgment submissions regarding the SCPWA issue will be required before filing them in state court. Thus, the Court is unpersuaded that principles of judicial economy weigh in favor of the Court exercising supplemental jurisdiction over Boyd's state claim.

### 2. Whether convenience and fairness to the parties warrant the Court's exercise of supplemental jurisdiction over Boyd's SCPWA claim

Concerning the issue of convenience and fairness to the parties, Nephron argues that the fact this case had been with this Court for over a year-and-a-half weighs in favor of it exercising supplemental jurisdiction over Boyd's SCPWA claim. Nephron cites to Supreme Court case law that states the Court should decline to exercise supplemental jurisdiction "when the federal-law claims have dropped out of the lawsuit in its early stages[.]" *Cohill*, 484 U.S. at 350. But, this statement from the Supreme Court fails to suggest the "early stages" of litigation are the only time the Court should decline to exercise supplemental jurisdiction.

In fact, this Court has often declined to exercise supplemental jurisdiction after granting summary judgment on a plaintiff's federal claims in cases pending over a year-and-a-half. *See, e.g. Culbertson v. Lott*, No. 3:19-cv-26-MGL-PJG, 2021 WL 805538 (D.S.C. 2021) (dismissing federal claims and declining to exercise supplemental jurisdiction over state claims in a case that had been pending for two years and two months)*; Frazier v. South Carolina Dep't of Corrections*, No. 4:19-cv-1272-MGL-TER, 2021 WL 809426 (D.S.C. 2021) (dismissing federal claims and declining to exercise supplemental jurisdiction over state claims in a case that had been pending for one year and ten months). Thus, the Court is unconvinced that the timing of when the Court declined to exercise supplemental jurisdiction over Boyd's state claims is of any import here.

5

Further, as Boyd states in her response, "The parties will be at the exact same point in state court as they are here. The events giving rise to this action occurred almost entirely in Lexington County where [Boyd] was employed. Both parties are equally equipped to pursue a just and speedy resolution in Lexington County if this matter is remanded." Response at 4.

Consequently, given the totality of the circumstances, the Court is convinced that the principle of convenience and fairness to the parties favors the Court's declining to exercise supplemental jurisdiction over Boyd's state claim.

### 3. Whether federal policy and comity warrant the Court's exercise of supplemental jurisdiction

As the Court stated in its earlier order in this case, "there are [no] underlying issues of federal policy or comity involved in [the Court's declining to exercise supplemental jurisdiction over] Boyd's SCPWA claim." Order at 6.

Nevertheless, Nephron's removal of the claim to this Court concerns issues of comity. *See BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1540 (2021) ("At some level, of course, removal practices implicate questions of comity between federal and state authorities.")

This case, with only the state claim, could not have been removed to this Court. Supplemental jurisdiction allowed it, when coupled with Boyd's federal claims. But, those federal claims are now gone. All that remains is her state SCPWA claim. And, Nephron has failed to persuade the Court supplemental jurisdiction over that is appropriate.

### 4. Whether any other factors have been considered to determine whether the Court should exercise supplemental jurisdiction

The Fourth Circuit has suggested that the Court can consider additional factors when deciding whether to exercise supplemental jurisdiction. *Cahill*, 58 F.3d at 110 ("Among the factors

that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.").

Thus, the Court has also given weight to Boyd's choice of forum in deciding whether to exercise supplemental jurisdiction over Boyd's state law claim. *See Voda v. Cordis Corp*., 476 F.3d 887, 904 (Fed. Cir. 2007) (noting that the plaintiff's choice of forum is a factor in considering the exercise of supplemental jurisdiction).

Boyd filed this case in the Lexington County Court of Common Pleas, her obvious choice of forum for this lawsuit. She also requests that the Court remand it there for consideration of her SCPWA claim. Therefore, this consideration weighs in favor of the Court refraining from exercising supplemental jurisdiction over her state law claim.

### B.     *Whether the Court should dismiss the remaining SCPWA claim as a matter of law*

Nephron maintains the Court ought to dismiss Boyd's SCPWA claim as a matter of law. But, because the Court has concluded it will refrain from exercising supplemental jurisdiction over Boyd's SCPWA claim, it necessarily follows it will decline to consider whether it ought to dismiss the claim.

*****

In sum, the Court is unpersuaded there is any clear error or manifest injustice in its decision to decline to exercise supplemental jurisdiction over Boyd's SCPWA claim. Instead, it is of the firm opinion that, after considering the issue for a second time here, its decision to refrain from excercising supplemental jurisdiction over Boyd's SCPWA claim is correct. Consequently, it is will deny Nephron's motion to alter or amend.

## V. CONCLUSION

In light of the foregoing discussion and analysis, Nephron's motion to alter or amend is **DENIED**.

**IT IS SO ORDERED**.

Signed this 11th day of January, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE